## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GLORIA AGUILAR,

                    Petitioner,                    Case Number: 2:08-CV-10353

v.                                         HON. MARIANNE O. BATTANI

CLARICE STOVALL,

                    Respondent.

_____/

### OPINION AND ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING MOTION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Petitioner Gloria Aguilar filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging her convictions for one count of first-degree home invasion and one count of armed robbery. The Court denied the petition. Now before the Court are Petitioner's Motion for Certificate of Appealability and Application to Proceed *In Forma Pauperis* On Appeal.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P.

22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003) (internal quotes and citations omitted).

In denying the petition for a writ of habeas corpus, the Court determined that the state court had reasonably analyzed Petitioner's claims concerning ineffective assistance of counsel and sufficiency of the evidence. The Court also determined that Petitioner's claims regarding the admission of evidence and her sentence did not warrant habeas relief. The Court now finds that reasonable jurists would not debate that this Court correctly denied each of Petitioner's claims. Therefore, the Court will deny the petitioner a certificate of appealability.

Petitioner also has filed a "Motion for Leave to Proceed On Appeal *In Forma Pauperis*." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a

2

court need only find that a reasonable person could suppose that the appeal has some

merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Although the Court held

that a certificate of appealability should not issue, the Court concludes that an appeal in

this case may be taken in good faith. The Court, therefore, grants Petitioner's "Motion to

Proceed *In Forma Pauperis*."

Accordingly, IT IS ORDERED that Petitioner's "Motion for Certificate of

Appealability" [dkt. #11] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Leave to Proceed on

Appeal  *In Forma Pauperis*" [dkt. #10] is GRANTED.


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: August 3, 2011

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the
Petitioner, Gloria Aguilar, and Counsel for the Respondent, electronically.

s/Bernadette M. Thebolt
Case Manager

3